UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| ROBERT P.,<br><br>             Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>             Defendants. | Case No.  23-cv-03310-RMI<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. 406(B)**<br><br>Re: Dkt. No. 28 |

After Plaintiff Robert P. brought this action for review of the Commissioner of Social Security's decision to deny benefits, the court remanded the case, and the Commissioner issued a favorable decision. His attorney, Josephine Gerrard, now seeks $29,739 in attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (Dkt. 28.) The Commissioner does not oppose or support the request but asks the court to assess the reasonableness of the fees requested. (Dkt. 29.) For the following reasons, the court GRANTS the motion for attorney's fees.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's application for disability benefits was denied by the agency's initial decision. (Dkt. 28 at ¶ 1.) Plaintiff subsequently brought an action for judicial review, and this court remanded the case for further proceedings. (Order, Dkt. 24.) The court then granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and awarded $10,000 in attorney's fees to Plaintiff. (Order, Dkt. 27.)

On remand, the administrative law judge granted Plaintiff's application and awarded $118,956 in total past due benefits in past-due benefits. (Pl.'s Mot., Dkt. 28, at ¶ 2.) Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits

resulting from a favorable disability decision. (*Id.* at ¶ 4–5; *see also id.* at 15, Ex. B: Federal Court Contract.) In the Notice of Award, Plaintiff was informed that 25% of his past-due benefits amounted to $29,739 and that this amount was set aside to pay for his attorney's fees. (*Id.* at ¶ 3; *see also id.* at 13, Ex. A: Notice of Award.)

**LEGAL STANDARD**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to Section 406(b) of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing Section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced" for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness

determination is not governed by the lodestar method, because "[t]he lodestar method undercompensates attorneys for the risk they assume in representing [Social Security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

### DISCUSSION

The court finds that counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingency fee agreement providing for a 25% fee, which is consistent with the statutory maximum. In the Notice of Agreement, Plaintiff was informed of his right to protest the fee (dkt. 28 at 13, Ex. A: Notice of Award), and Plaintiff did not submit any objections to the fee petition by the response deadline. There is no evidence that counsel's performance was substandard—indeed, counsel's representation resulted in Plaintiff receiving $118,956 in past due benefits. Moreover, counsel's fee request of $29,739 is equal to the statutory maximum of 25% of the past-due benefits. *See Brenn v. O'Malley,* No. 23-CV-05010-DMR, 2025 WL 2419268, at *2 (N.D. Cal. Aug. 21, 2025) (awarding 25% of the past-due benefits awarded).

Plaintiff's counsel states that she expended 49.20 hours[1] on this litigation, leading to an effective hourly rate of $604. (Dkt. 26 at 8.) While this is well over two and almost three times the requested rate for EAJA fees, it falls squarely within the range of hourly rates approved in the Ninth Circuit for social security contingency fee cases, and is actually much lower than some rates approved by courts in this Circuit. *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting Ninth Circuit cases and finding an effective hourly rate of $2,307.69 to be reasonable); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an hourly rate of $1,325.34 reasonable in social security case under 406(b) and collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003) (approving a multiplier of three to the typical hourly

---

[1] Because the pending motion does not report hours worked, the court references the timesheet and totals provided as an attachment to Plaintiffs' Application and Joint Stipulation for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) (dkt. 26 at 7–8) to obtain the number of hours that counsel worked in this case.

United States District Court
Northern District of California

rate for awards under 406(b)). Counsel's itemized billing sheet includes typical litigation tasks and hours. (Dkt. 26 at 7–8.) The court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The court finds that the hours provided based on the work performed are reasonable, as is the effective hourly rate. Further, there is nothing in the record to suggest that any delay in this case was unreasonable or attributable to Plaintiff's counsel's conduct.

Moreover, the requested fees are reasonable given the risk assumed by counsel in taking this case on a contingency basis, as the claims had already been denied in an administrative proceeding. See *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants . . ."); *Ainsworth*, 2020 WL 6149710 at *3 ("Here, Counsel assumed a substantial risk of not recovering attorneys' fees because the claims had been denied after exhausting administrative remedies."); *Lewis v. Dudek*, No. 22-CV-05180-TSH, 2025 WL 1104770, at *2 (N.D. Cal. Apr. 14, 2025) ("the requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants."). Based on the findings above that there is a valid contingency fee agreement, that the amount of fees requested is not disproportionate to the work performed, that counsel's work was not substandard or unreasonable, that the requested effective hourly rate is reasonable, and that counsel assumed substantial risk in taking this case, the court finds the requested fees are reasonable.

Once the court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $10,000 in EAJA fees previously awarded.

**CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiff's counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $29,739. The court ORDERS the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a). Counsel is ORDERED to reimburse Plaintiff the $10,000 in EAJA fees to offset the payment of 406(b) fees.

**IT IS SO ORDERED.**

Dated: February 5, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California